```
                                        PAGES 1 - 11

              UNITED STATES DISTRICT COURT

             NORTHERN DISTRICT OF CALIFORNIA

          BEFORE THE HONORABLE VINCE CHHABRIA
```

```
SONIA FELIX CASTANON,              )
                                   )
          PETITIONER,              )
                                   )
  VS.                              ) NO. 18-CV-01521 VC
                                   )
JEFF SESSIONS, ET AL.,             )
                                   ) SAN FRANCISCO, CALIFORNIA
          RESPONDENTS.             ) THURSDAY
                                   ) MAY 17, 2018
_____)
```

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  10:50 A.M. - 11:03 A.M.**

**APPEARANCES:**

**FOR PLAINTIFF**          YULI LAW
                           1669-2 HOLLENBECK AVENUE, #211
                           SUNNYVALE, CALIFORNIA 94087
                       **BY: ELIYAHU YULI KAPLUNOVSKY, ESQUIRE**


**FOR DEFENDANTS**         U.S. DEPARTMENT OF JUSTICE
                           CIVIL DIVISION
                           OFFICE OF IMMIGRATION LITIGATION
                           DISTRICT COURT SECTION
                           P.O. BOX 868, BEN FRANKLIN STATION
                           WASHINGTON, DC 20044
                       **BY: ALEXANDER J. HALASKA, ESQUIRE**

*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
*                 RETIRED OFFICIAL COURT REPORTER, USDC*

```
 1   THURSDAY, MAY 17, 2018                              10:50 A.M.
 2   (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO
 3   IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER
 4   ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)
 5                              ---O0O---
 6                              PROCEEDINGS
 7         THE CLERK:  CALLING CASE NO. 18-CV-01521, CASTANON
 8   VERSUS SESSIONS, ET AL.
 9         COUNSEL, PLEASE STEP FORWARD AND STATE YOUR
10   APPEARANCES FOR THE RECORD.
11         MR. HALASKA:  GOOD MORNING.
12   ALEX HALASKA ON BEHALF OF THE UNITED STATES.
13         THE COURT:  GOOD MORNING.
14         MR. KAPLUNOVKSY:  GOOD MORNING.
15   ELIYAHU YULI KAPLUNOVSKY ON BEHALF OF MS. CASTANON.
16         THE COURT:  GOOD MORNING.  I'M HAVING A HARD TIME
17   UNDERSTANDING YOU.
18         MR. KAPLUNOVKSY:  I'LL TRY TO SPEAK --
19         THE COURT:  I KNOW YOU HAVE AN ACCENT, BUT YOU ALSO
20   ARE MUMBLING.  SO CAN YOU SPEAK YOUR NAME AND MAKE YOUR
21   APPEARANCE A LITTLE MORE CLEARLY?
22         MR. KAPLUNOVKSY:  YES.  SORRY ABOUT THAT.  ELIYAHU
23   YULI KAPLUNOVSKY ON BEHALF OF PETITIONER.
24         THE COURT:  OKAY.  SO I GUESS MY FIRST QUESTION TO
25   YOU, MR. KAPLUNOVSKY, IS, WHY DID YOU EVEN FILE THIS HABEAS
```

1  PETITION WITHOUT -- WITHOUT GOING BACK TO THE IJ AND ASKING FOR
2  A RENEWED BOND HEARING?
3         I MEAN, IT SEEMS OBVIOUS ON THE FACTS OF THIS CASE.
4  I MEAN, YOU HAD THE IJ INITIALLY DETERMINE THAT YOUR CLIENT WAS
5  A DANGER TO THE COMMUNITY.  THEN YOU HAD -- I BELIEVE IT WAS
6  THE SAME IJ MAKE A DETERMINATION SOME SIX MONTHS LATER, OR
7  SOMETHING LIKE THAT, THAT HER REMOVAL WOULD BE CANCELED, AND
8  PART OF THE DETERMINATION -- PART OF THE DECISION TO CANCEL HER
9  REMOVAL WAS THAT SHE WAS ESSENTIALLY NO LONGER A DANGER TO THE
10 COMMUNITY.
11        AND INSTEAD OF SEEKING HER RELEASE ON BOND WHILE THE
12 APPEAL WAS PENDING, YOU FILED A HABEAS PETITION IN FEDERAL
13 COURT.  I MEAN, THAT SEEMS FACIALLY TOTALLY INAPPROPRIATE AND A
14 WASTE OF EVERYBODY'S TIME.
15        **MR. KAPLUNOVKSY:**  YES, YOUR HONOR.  I AM -- I HAD
16 ANOTHER -- WE HAD ANOTHER ATTORNEY, IMMIGRATION ATTORNEY
17 MR. JOSEPH (INDISCERNIBLE) WHO WAS HANDLING ALL THE OTHER
18 ISSUES.
19        NOW WE DID HAVE SCHEDULED A BOND HEARING FOR THE
20 PETITIONER.  IT WAS SCHEDULED BACK TO, I BELIEVE, FEBRUARY, AND
21 ON THE SAME DAY IT WAS CANCELED BECAUSE OF A NEW DECISION FROM
22 THE SUPREME COURT THAT WAS -- OVERRULED SOME OF ISSUES THAT
23 WERE --
24        **THE COURT:**  WHEN WAS THE DECISION -- WHEN WAS THE
25 DECISION TO CANCEL HER REMOVAL?

1  **MR. KAPLUNOVKSY:**  ON THE -- CANCEL HER REMOVAL, I
2  DON'T HAVE THE DATE IN FRONT OF ME, BUT IT ALL HAPPENED ABOUT
3  THE SAME TIME.
4  **MR. HALASKA:**  MARCH 14TH, YOUR HONOR.
5  **THE COURT:**  MARCH 14TH?
6  **MR. HALASKA:**  MARCH 14TH.
7  **THE COURT:**  OKAY.  MARCH 14TH.
8  SO WE ARE NOW -- SO THE SAME IMMIGRATION JUDGE THAT
9  PREVIOUSLY DETERMINED THAT YOUR CLIENT WAS A DANGER TO THE
10 COMMUNITY AND, THEREFORE, NEEDED TO BE HELD IN CUSTODY, THE
11 SAME JUDGE MADE A DETERMINATION ON MARCH 14 THAT THE
12 CIRCUMSTANCES HAD CHANGED, AND YOUR CLIENT IS STILL SITTING IN
13 CUSTODY TWO MONTHS LATER BECAUSE YOU CHOSE TO FILE A FEDERAL
14 HABEAS PETITION INSTEAD OF ARGUING THE CHANGED CIRCUMSTANCES
15 REQUIRED HER RELEASE ON BOND.
16 I CERTAINLY HOPE YOUR CLIENT HAS NOT PAID YOU A PENNY
17 FOR THE WORK THAT YOU HAVE DONE ON THIS FEDERAL HABEAS
18 PETITION.  IS ANYBODY -- IS ANYBODY -- IS THE CLIENT'S FAMILY
19 HERE TODAY?
20 **MR. KAPLUNOVKSY:**  NO, THEY'RE NOT.
21 **THE COURT:**  I CERTAINLY HOPE THEY HAVE NOT PAID YOU A
22 PENNY FOR THE TIME THAT YOU'VE SPENT ON THIS HABEAS PETITION,
23 BECAUSE WHAT YOU SHOULD HAVE DONE THE MOMENT THAT HER REMOVAL
24 WAS CANCELED IS GO BACK AND SEEK A NEW BOND HEARING BASED ON
25 CHANGED CIRCUMSTANCES, AND I ASSUME THE IMMIGRATION JUDGE WOULD

```
 1   HAVE SAID, YEAH, ABSOLUTELY SHE SHOULD BE RELEASED ON BOND.
 2           MR. KAPLUNOVKSY:  WE DID FILE A REQUEST FOR CHANGE OF
 3   CIRCUMSTANCES, ALTHOUGH A --
 4           THE COURT:  WHEN DID YOU DO THAT?
 5           MR. KAPLUNOVKSY:  IT WAS -- I DON'T HAVE THE DATE IN
 6   FRONT OF ME.
 7           THE COURT:  WHEN WAS THAT?
 8           MR. KAPLUNOVKSY:  I THINK IT'S IN DOCKET.
 9           THE COURT:  LET ME ASK THE GOVERNMENT.
10           MR. HALASKA:  I BELIEVE ICE WAS SERVED ON THE 14TH,
11   SEVERAL DAYS AGO.
12           THE COURT:  14TH OF MAY?
13           MR. HALASKA:  YES.
14           THE COURT:  TWO MONTHS AFTER THE IMMIGRATION JUDGE
15   CANCELED HER REMOVAL?
16           MR. HALASKA:  YES.
17           MR. KAPLUNOVKSY:  AS FOR CHANGE OF CIRCUMSTANCES, WE
18   DO BELIEVE THAT THE OBJECT CHANGE OF CIRCUMSTANCES WAS A CHANGE
19   OF THE POSITION OF THE SUPREME COURT ON THIS ISSUE.  THERE WAS
20   NO -- BASICALLY, SHE'S STILL IN CUSTODY, SHE'S STILL --
21           THE COURT:  BUT THE IMMIGRATION JUDGE SAID ON
22   MARCH 14TH THAT SHE HAD REHABILITATED HERSELF, RIGHT?
23           MR. KAPLUNOVKSY:  YES.
24           THE COURT:  WHY IS THAT NOT A CHANGED CIRCUMSTANCE?
25   I ASSUME THE BASIS FOR THE IMMIGRATION JUDGE'S DECISION
```

```
 1   INITIALLY TO REQUIRE HER TO BE HELD IN CUSTODY WAS THAT THERE
 2   WAS NO INDICATION THAT SHE'D REHABILITATED HERSELF AND SHE WAS
 3   A DANGER TO THE COMMUNITY BECAUSE SHE MIGHT GO OUT AND DRINK
 4   AND DRIVE AGAIN.
 5           MR. KAPLUNOVKSY:  THERE IS STILL -- AN APPEAL HAS
 6   BEEN FILED BY DHS ON THE DECISION OF CANCELLATION OF HER
 7   REMOVAL, AND IT'S STILL -- HASN'T BEEN DECIDED.  THIS WOMAN IS
 8   SITTING IN CUSTODY FOR OVER NINE MONTHS AND THEY -- I GUESS IF
 9   THE --
10           THE COURT:  YEAH, I MEAN, IT'S TROUBLING THAT FOR THE
11   LAST TWO MONTHS SHE'S BEEN IN CUSTODY, SEEMINGLY BECAUSE HER
12   LAWYERS HAVE FAILED TO SEEK A RENEWED BOND HEARING IN FRONT OF
13   THE IMMIGRATION JUDGE WHO DETERMINED THAT SHE'S NOT A DANGER TO
14   THE COMMUNITY.  THAT'S THE -- THAT'S THE THING THAT'S MOST
15   TROUBLING ABOUT THIS CASE.
16           MR. KAPLUNOVKSY:  YOUR HONOR, WE ARE GOING TO -- WE
17   DID FILE IT, AND WE'RE GOING TO FOLLOW-UP ON THAT, BUT I HOPE
18   THEY'RE GOING TO GRANT THAT, AND I HOPE WE WON'T HAVE TO COME
19   BACK HERE FOR THE SAME QUESTION AGAIN, BECAUSE THE -- IT'S A
20   PITY FOR HER TO BE SITTING BEHIND BARS.
21           THE COURT:  OH, I AGREE.  I AGREE.
22           MR. KAPLUNOVKSY:  AND SHE HAS A 13-YEAR-OLD KID THAT
23   HIS SIBLINGS ARE TAKING CARE --
24           THE COURT:  I AGREE.  I MEAN, I CAN'T IMAGINE -- I
25   CAN'T IMAGINE THAT THE IMMIGRATION JUDGE IS GOING TO SAY, OH,
```

```
 1   WELL, I'VE DETERMINED THAT HER REMOVAL SHOULD BE CANCELED IN
 2   PART BECAUSE SHE'S NO LONGER A DANGER TO THE COMMUNITY, BUT YOU
 3   KNOW WHAT?  SHE NEEDS TO STAY IN CUSTODY BECAUSE SHE'S A DANGER
 4   TO THE COMMUNITY.
 5         IT IS A PITY, AND IT'S A PITY THAT HER LAWYERS DID
 6   NOT ASK THE IMMIGRATION JUDGE TWO MONTHS AGO TO RELEASE HER.
 7   THAT'S WHAT IS A PITY.
 8         MR. KAPLUNOVKSY:  YOUR HONOR, MAY I ASK THE COURT TO
 9   ORDER THE IMMIGRATION JUDGE AT LEAST TO GRANT HER A HEARING ON
10   THE -- BOND HEARING?
11         THE COURT:  IS THERE ANY INDICATION THAT SHE IS NOT
12   GOING TO BE GIVEN A BOND HEARING?  I MEAN, YOU ONLY REQUESTED
13   IT, LIKE, TWO DAYS AGO.  IS THERE ANY INDICATION THAT SHE'S NOT
14   GOING TO BE GIVEN A BOND HEARING, BECAUSE IT WOULD CERTAINLY
15   NOT BE APPROPRIATE FOR ME TO ORDER A BOND HEARING IF THERE'S NO
16   INDICATION THAT SHE'S NOT GOING TO GET ONE.
17         MR. KAPLUNOVKSY:  NO, NO, THERE'S NO INDICATION
18   EITHER WAY; NOT FOR THE POSITIVE, NOT FOR THE NEGATIVE.
19         THE COURT:  CAN I ASK YOU A DIFFERENT QUESTION?
20         MR. KAPLUNOVKSY:  YES, YOUR HONOR.
21         THE COURT:  A QUESTION THAT'S NOT ABOUT THIS
22   PARTICULAR CASE?
23         YOU HAVE FILED HABEAS PETITIONS ON BEHALF OF
24   DETAINEES.
25         MR. KAPLUNOVKSY:  YES.
```

1   **THE COURT:** MANY HABEAS PETITIONS ON BEHALF OF
2   DETAINEES IN THIS COURT, CORRECT?
3   **MR. KAPLUNOVKSY:** CORRECT.
4   **THE COURT:** TWENTY-ONE, I THINK. DOES THAT SOUND
5   ABOUT RIGHT?
6   **MR. KAPLUNOVKSY:** ABOUT RIGHT, YES.
7   **THE COURT:** AND ON A NUMBER OF THOSE YOU HAVEN'T EVEN
8   SHOWN UP FOR HEARINGS; IS THAT RIGHT?
9   **MR. KAPLUNOVKSY:** I THINK I MISSED ONE HEARING.
10  **THE COURT:** YOU MISSED DEADLINES. YOU MISS FILING
11  DEADLINES WITH SOME REGULARITY, DON'T YOU?
12  **MR. KAPLUNOVKSY:** ON THIS CASE I MISSED ONE DEADLINE.
13  **THE COURT:** WHAT ABOUT IN OTHER CASES?
14  **MR. KAPLUNOVKSY:** I DON'T HAVE THEM IN FRONT OF ME,
15  BUT I MIGHT HAVE MISSED SOME, YES.
16  **THE COURT:** AND YOU ARE HAVING DIFFICULTY SHOWING UP
17  FOR HEARINGS IN THOSE CASES.
18  **MR. KAPLUNOVKSY:** NO, YOUR HONOR.
19  **THE COURT:** SHOULD I BE CONCERNED THAT YOU ARE TAKING
20  PEOPLE'S MONEY, VULNERABLE PEOPLE'S MONEY, WITHOUT ADEQUATELY
21  REPRESENTING THEM? SHOULD THIS ENTIRE COURT, THE NORTHERN
22  DISTRICT OF CALIFORNIA, BE CONCERNED THAT YOU ARE STEALING
23  MONEY FROM PEOPLE, EFFECTIVELY, BY REPRESENTING -- PURPORTING
24  TO REPRESENT THEM IN THESE HABEAS PETITIONS IN SITUATIONS WHERE
25  NO HABEAS PETITION SHOULD BE FILED, OR MAYBE THE HABEAS

```
 1   PETITION SHOULD BE FILED, BUT YOU'RE NOT SHOWING UP FOR
 2   HEARINGS ON NOT MEETING FILING DEADLINES?  DIDN'T YOU HAVE A
 3   CASE DISMISSED FOR FAILURE TO PROSECUTE?
 4           MR. KAPLUNOVKSY:  ONE CASE, YES.
 5           THE COURT:  BECAUSE YOU DIDN'T SHOW UP FOR A HEARING?
 6           MR. KAPLUNOVKSY:  IT WAS DISMISSED, YES.
 7           THE COURT:  I MEAN, DOES THE GOVERNMENT HAVE ANY
 8   SUGGESTIONS ABOUT HOW I SHOULD -- WHAT I SHOULD DO ABOUT THAT?
 9           MR. HALASKA:  ABOUT THE BROADER QUESTION OR --
10           THE COURT:  YEAH.
11           MR. HALASKA:  -- OR AS PERTAINS TO THIS CASE?
12           I DON'T, YOUR HONOR.  I WAS NOT AWARE OF --
13           THE COURT:  SO YOU HAVEN'T BEEN INVOLVED IN -- WHERE
14   ARE YOU FROM?  ARE YOU FROM THE U.S. ATTORNEY'S OFFICE OR MAIN
15   JUSTICE?
16           MR. HALASKA:  MAIN JUSTICE IN D.C.
17           THE COURT:  SO IS MAIN JUSTICE HANDLING ALL THESE
18   CASES, THESE 21 HABEAS PETITIONS?
19           MR. HALASKA:  THEY'RE SPLIT SOMETIMES BETWEEN U.S.
20   ATTORNEY'S OFFICE AND THE OFFICE OF IMMIGRATION LITIGATION OUT
21   IN D.C.  SO I CAN'T SAY FOR CERTAIN WHO'S HANDLING ALL 21 OF
22   THEM, BUT IT MAY BE A MIXTURE OF BOTH.
23           THE COURT:  DO YOU HAVE ANY -- SINCE YOU CAME OUT ALL
24   THIS WAY, DO YOU HAVE ANY SORT OF UPDATES FOR ME ON THIS
25   PETITIONER'S SITUATION?  I KNOW THERE WAS THIS REQUEST FILED
```

1  ONLY JUST A COUPLE OF DAYS AGO FOR A BOND HEARING.  IS THERE
2  ANY REASON TO BELIEVE THAT SHE WON'T GET A BOND HEARING, UNDER
3  THE CIRCUMSTANCES?
4          **MR. HALASKA:**  LIKE WE SAY IN OUR BRIEFING, YOUR
5  HONOR, I BELIEVE THAT THERE IS CERTAINLY A GOOD-FAITH ARGUMENT
6  TO BE MADE.  THERE'S NO PER SE RULE, EITHER BY REGULATION OR BY
7  BIA DECISION.  ICE HAD TOLD ME THEY ARE NOT GOING TO RESPOND TO
8  THE MOTION FOR A CUSTODY REDETERMINATION.  SO, PRESUMABLY, THAT
9  MAKES IT A LITTLE MORE LIKELY THE IJ MIGHT GRANT ONE.
10         I DO WANT TO CAVEAT THAT WITH THE STATEMENT THAT ICE
11 RESERVES THEIR RIGHT TO MAKES THE ARGUMENTS WITHIN THE CUSTODY
12 REDETERMINATION HEARING IF ONE IS GRANTED ABOUT DANGEROUSNESS
13 AND OTHER FACTORS WEIGHING AGAINST RELEASE, BUT ICE DOES NOT
14 INTEND TO RESPOND TO THE MOTION.
15         **THE COURT:**  OKAY.  SO, IN OTHER WORDS, ICE DOES NOT
16 OPPOSE THE REQUEST FOR THE MOTION FOR A NEW BOND HEARING?
17         **MR. HALASKA:**  ESSENTIALLY, YES, THEY'RE NOT JOINING
18 IN, YES, BUT THEY'RE NOT OPPOSING.
19         **THE COURT:**  OKAY.  SO THE -- SO THIS HABEAS PETITION
20 IS DISMISSED FOR FAILURE TO EXHAUST.  AND IF SOMEHOW -- IT
21 SEEMS RATHER UNLIKELY, BUT IF SOMEHOW A NEW BOND HEARING IS NOT
22 GIVEN TO THE PETITIONER AND IF SOMEHOW -- OR IF SOMEHOW THE
23 PETITIONER IS DENIED RELEASE, WHICH SEEMS VERY UNLIKELY UNDER
24 THE CIRCUMSTANCES, AND SEEMS LIKE WOULD IT PROBABLY BE
25 INAPPROPRIATE UNDER THE CIRCUMSTANCES, A NEW HABEAS PETITION

1  CAN BE FILED.
2  BUT, YOU KNOW, AS FAR AS I'M CONCERNED, THE REASON
3  THE PETITIONER HAS SPENT THE LAST TWO MONTHS IN CUSTODY IS MOST
4  LIKELY BECAUSE HER LAWYERS HAVE FAILED TO SEEK A NEW BOND
5  HEARING IN THE WAKE OF THE IMMIGRATION JUDGE'S DECISION TO
6  CANCEL HER REMOVAL.
7  AND SO UNLESS THERE'S ANYTHING ELSE WE NEED TO
8  DISCUSS, THAT WILL BE IT FOR THIS HEARING.
9  **MR. HALASKA:** I BELIEVE SO, YOUR HONOR.  NOTHING FROM
10  THE GOVERNMENT.
11  **THE COURT:** OKAY.  THANK YOU.
12  **MR. KAPLUNOVKSY:** YOUR HONOR.
13  (PROCEEDINGS ADJOURNED AT 11:03 A.M.)

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*/s/ JMColumbini*

JOAN MARIE COLUMBINI

MAY 24, 2018